SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

KEVIN BARNES,

                             Plaintiff(s)

- against -

HOME DEPOT U.S.A., INC., HD DEVELOPMENT OF
MARYLAND, INC., and URBAN EDGE PROPERTIES, LLP

                             Defendant(s)

---

Index No.:
Date Purchased:

Plaintiff designate(s)
Suffolk County as the place
of trial
The basis of the venue is
Place of Plaintiff's
Residence
**SUMMONS**
Plaintiff resides at
23B Bayshore Ave.
Bayshore, NY 11706

To the above named Defendant(s):

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer; judgment will be taken against you by default for the relief demanded in the complaint.

                                                   EDELMAN, KRASIN & JAYE, PLLC.

                                                   BY: _____
                                                   DANIEL J. SOLINSKY, ESQ.

DATED: September 17, 2021              Attorney(s) for Plaintiff
             Westbury, New York                7001 Brush Hollow Road, Suite 100
                                                Westbury, New York 11590
                                                (516) 742-9200

Defendant(s) address:

**HOME DEPOT U.S.A, INC.,** 785 New York Avenue, Huntington, NY 11743
[Serve Via Secretary of State]

**HOME DEPOT U.S.A, INC.,** 2455 Paces Ferry Road, NW, Atlanta, GA 30339
[Serve Via Secretary of State]

**HD DEVELOPMENT OF MARYLAND, INC.,** 80 State Street, Albany, NY 12207
[Serve Via Secretary of State]

**URBAN EDGE PROPERTIES, LLP.,** c/o CT Corporation System,
111 Eighth Avenue, NY, NY 10011
[Serve Via Secretary of State]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X
KEVIN BARNES,

                          Plaintiff,

      -against-

HOME DEPOT U.S.A., INC., HD DEVELOPMENT OF
MARYLAND, INC., and URBAN EDGE PROPERTIES,
LLP.,

                        Defendants.

------------------------------------------------------------------X

Index No:

**VERIFIED COMPLAINT**

Plaintiff, KEVIN BARNES, by his attorneys EDELMAN KRASIN & JAYE, PLLC, complaining of the Defendant, HOME DEPOT U.S.A., INC., HD DEVELOPMENT OF MARYLAND, INC., and URBAN EDGE PROPERTIES, LLP., hereby alleges the following under penalties of perjury and upon information and belief:

1. At all times hereinafter mentioned, plaintiff KEVIN BARNES was a resident of Suffolk County, New York.

2. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., was and still is a corporation duly authorized to conduct business in the State of New York.

3. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND , INC., was and still is a corporation duly authorized to conduct business in the State of New York.

4. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES LLP., was and still is a corporation duly authorized to conduct business in the State of New York.

5. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., owned the aforementioned premises located at 785 New York Avenue, in the Town of Huntington, County of SUFFOLK and State of New York (hereinafter the "premises").

6. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., owned the aforementioned premises.

7. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., owned the aforementioned premises.

8. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., leased the subject premises.

9. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., leased the subject premises.

10. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., leased the subject premises.

11. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., maintained the subject premises.

12. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., maintained the subject premises.

13. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., maintained the subject premises.

14. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., managed the subject premises.

15. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., managed the subject premises.

16. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., managed the subject premises

17. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., operated a store at the subject premises.

18. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., operated a store at the subject premises.

19. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., operated a store at the subject premises.

20. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., inspected the subject premises.

21. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., inspected the subject premises.

22. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., inspected the subject premises.

23. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., had a duty to remove snow and ice from the subject premises.

24. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., had a duty to remove snow and ice from the subject premises.

25. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERITES, LLP., had a duty to remove snow and ice from the subject premises.

26. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., attempted to remove snow and ice from the subject premises.

27. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., attempted to remove snow and ice from the subject premises.

28. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., attempted to remove snow and ice from the subject premises.

29. At all times hereinafter mentioned, there existed a parking lot upon the premises located at 785 New York Avenue, in the Town of Huntington, County of SUFFOLK and State of New York (hereinafter the "parking lot").

30. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., owned the subject parking lot.

31. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., owned the subject parking lot.

32. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., owned the subject parking lot.

33. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., leased the subject parking lot.

34. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., leased the subject parking lot.

35. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., leased the subject parking lot.

36. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., maintained the subject parking lot.

37. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., maintained the subject parking lot.

38. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., maintained the subject parking lot.

39. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., managed the subject parking lot.

40. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., managed the subject parking lot.

41. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., managed the subject parking lot.

42. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., repaired the subject parking lot.

43. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., repaired the subject parking lot.

44. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., repaired the subject parking lot.

45. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., inspected the subject parking lot.

46. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., inspected the subject parking lot.

47. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., inspected the subject parking lot.

48. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., had a duty to remove snow and ice from the subject parking lot.

49. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., had a duty to remove snow and ice from the subject parking lot.

50. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., had a duty to remove snow and ice from the subject parking lot.

51. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., attempted to remove snow and ice from the subject parking lot.

52. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., attempted to remove snow and ice from the subject parking lot.

53. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., attempted to remove snow and ice from the subject parking lot.

54. At all times hereinafter mentioned, there existed a walkway in front of the premises located at 785 New York Avenue, in the Town of Huntington, County of SUFFOLK and State of New York (hereinafter the "walkway").

55. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., owned the subject walkway.

56. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., owned the subject walkway.

57. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., owned the subject walkway.

58. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., leased the subject walkway.

59. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., leased the subject walkway.

60. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., leased the subject walkway.

61. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., maintained the subject walkway.

62. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., maintained the subject walkway.

63. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., maintained the subject walkway.

64. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., managed the subject walkway.

65. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., managed the subject walkway.

66. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., managed the subject walkway.

67. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., repaired the subject walkway.

68. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., repaired the subject walkway.

69. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., repaired the subject walkway.

70. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., inspected the subject walkway.

71. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., inspected the subject walkway.

72. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., inspected the subject walkway.

73. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., had a duty to remove snow and ice from the subject walkway.

74. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., had a duty to remove snow and ice from the subject walkway.

75. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., had a duty to remove snow and ice from the subject walkway.

76. At all times hereinafter mentioned, defendant(s) HOME DEPOT U.S.A., INC., attempted to remove snow and ice from the subject walkway.

77. At all times hereinafter mentioned, defendant(s) HD DEVELOPMENT OF MARYLAND, INC., attempted to remove snow and ice from the subject walkway.

78. At all times hereinafter mentioned, defendant(s) URBAN EDGE PROPERTIES, LLP., attempted to remove snow and ice from the subject walkway.

79. That on or about March 5, 2019, plaintiff KEVIN BARNES, was lawfully upon the subject premises.

80. That on or about March 5, 2019, plaintiff KEVIN BARNES, was lawfully upon the subject parking lot.

81. That on or about March 5, 2019, plaintiff KEVIN BARNES, was lawfully upon the subject walkway.

82. That on or about March 5, 2019, plaintiff, KEVIN BARNES, was attempting to traverse the subject premises, when he was caused to slip and fall and be violently precipitated down to and upon the ground.

83. That on or about March 5, 2019, plaintiff, KEVIN BARNES, was attempting to traverse the subject parking lot, when he was caused to slip and fall and be violently precipitated down to and upon the ground.

84. That on or about March 5, 2019, plaintiff, KEVIN BARNES, was attempting to traverse the subject walkway, when he was caused to slip and fall and be violently precipitated down to and upon the ground.

85. That the Plaintiff was injured by the gross negligence, recklessness and carelessness of the defendant, jointly and/or severally, their agents, servants and/or employees without any conduct of the Plaintiff contributing thereto.

86. That the subject parking lot and walkway pavement was not maintained so as to provide a reasonable and adequate protection to the lives, health and safety of all persons therein, including plaintiff herein.

87. That the occurrence above described was caused solely and wholly through the carelessness, negligence and gross negligence of the defendant(s), jointly and/or severally, their agents, servants and/or employees, subcontractors and those authorizing use and control of the parking lot, walkway and premises and the

removal of snow and/or ice thereon; in failing to properly maintain said parking lot; in failing to properly maintain said area; in allowing the parking lot and walkway to become covered with snow and/or ice; in failing to inspect said parking lot; in failing to inspect said exterior walkway; in failing to remove snow and/or ice existing thereat; in failing to place a non-slip substance on said parking lot and walkway; in failing to properly remove snow and/or ice existing thereat; in failing to spread salt and/or sand, and, in failing to take any and all preventative measures to melt and/or remove snow and/or ice existing thereat; in improperly shoveling snow and/or ice; in negligently shoveling and or clearing of said snow and/or ice; in failing to account for melting and re-freezing of snow and ice; in causing, permitting and allowing a hazard and nuisance to be and to exist for an excessive and unreasonable period of time, despite actual and/or constructive notice; in failing to take any necessary steps to alleviate said conditions; in failing to properly clear said parking lot and walkway before authorizing its use; in failing to erect barricades, or otherwise restrict use of the aforesaid area to prevent a hazard, trap and nuisance from endangering the general public and, more particularly, plaintiff herein,; in failing to warn the general public and, more particularly, the plaintiff herein, of the subject hazard, trap and nuisance; in failing to have manuals, rules, regulations and guidelines with regard to the applying of sand, salt and/or similar type of protective substances on snow and/or ice; in failing to have rules, regulations and guidelines relating to safety the pedestrians using said parking lot and walkway; in failing to enforce any rules, regulations and guidelines that were existing; in permitting and allowing snow and/or ice to exist in the parking lot and

walkway thereat, despite actual and/or constructive notice; in failing to install and/or place signs or cautionary tape in the hazardous area; in failing to avoid the aforesaid accident which was foreseeable, and in being otherwise careless, reckless and negligent in the supervision, management, and control of snow removal at the aforesaid location. Claimant further relies on the doctrine of Res Ipsa Loquitur.

88. That the defendants had actual notice and/or constructive notice of said defects.

89. That the defendants had prior written notice of said defects.

90. That this action falls within one or more of the exceptions as set forth in Article 16 of the CPLR.

91. That the dangerous, defective and unsafe condition was the proximate cause of the plaintiff's injuries.

92. That since the acts complained of herein occurred, the Plaintiff KEVIN BARNES was rendered sick, sore, lame and disabled and so remains, sustained severe injuries in and to the body, and to the nervous and psychic systems, suffered and still suffers and upon information and belief will continue to suffer, severe mental and physical pain, was required to, did and will continue to undergo medical treatment and attention.

93. That by reason of the foregoing, plaintiff, KEVIN BARNES, has been damaged in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

**W H E R E F O R E**, Plaintiff KEVIN BARNES demands judgment against Defendant, HOME DEPOT U.S.A., INC., HD DEVELOPMENT OF MARYLAND, INC., and URBAN EDGE PROPERTIES, LLP., jointly and severally, on each of these causes of action in an amount

that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter and for the costs and disbursements of this action.

DATED: September 17, 2021
Westbury, New York

Yours, etc.,
**EDELMAN, KRASIN & JAYE, PLLC**
Attorney for Plaintiff

BY: _____
DANIEL J. SOLINSKY, ESQ.
Address & P.O. Address
7001 Brush Hollow Road, Suite 100
Westbury, New York 11590
(516) 742-9200

## ATTORNEY VERIFICATION

I, **DANIEL J. SOLINSKY, ESQ.,** the undersigned, am an attorney admitted to practice in the Courts of New York State, and hereby affirm the following under penalties of perjury and pursuant to the Civil Practice Law and Rules, and upon information and belief:

I am a senior trial attorney of EDELMAN KRASIN & JAYE, PLLC, the attorneys of record for plaintiff(s). I have read the SUMMONS AND COMPLAINT, know the contents thereof and the same is true to the best of my knowledge, except those matters therein which, are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Books, papers, records in possession.

I affirm that the following statements are true under penalties of perjury.

Dated: September 17, 2021
Westbury, NY

_____
DANIEL J. SOLINSKY, ESQ.